UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ROCK HILL MECHANICAL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:06CV657 HEA |
| | ) | |
| LIEBERT CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Liebert's' Bill of Costs, [Doc. No. 187]. Plaintiff objects to the Bill of Costs generally and specifically. For the reasons set forth below, Defendant's Bill of Costs is granted as provided herein.

Federal Rule of Civil Procedure 54(d) states that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs-other than attorney's fees-should be allowed to the prevailing party." Fed.R.Civ.P. 54(d)(1). "Rule 54 represents a codification of the presumption that the prevailing party is entitled to costs." *Martin v. DaimlerChrysler Corp.,* 251 F.3d 691, 696 (8th Cir.2001) (quotations omitted); *see also Ex Parte Peterson,* 253 U.S. 300, 315-17 (1920) (discussing common law of costs). In other words, "[t]he losing party bears the burden of overcoming the presumption that the prevailing party is entitled to costs...." *168th & Dodge, L.P. v. Rave Reviews Cinemas, LLC,* 501 F.3d 945, 958

(8th Cir.2007). Despite the presumption, exactly which costs will be awarded is a matter left to the discretion of the district court. *Poe v. John Deere Co.,* 695 F.2d 1103, 1108-09 (8th Cir.1982). However, "the district court must provide a rationale for denying the prevailing party's claim for costs." *Thompson v. Wal-Mart Stores, Inc.,* 472 F.3d 515, 517 (8th Cir.2006).

Title 28, United States Code, Section 1920 expressly identifies the expenses a court may tax as costs against a losing party. *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 440 (1987). In relevant part, it provides:

A judge ... of any court of the United States may tax as costs the following:

> (1) Fees of the clerk and marshal;

> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

> (3) Fees and disbursements for printing and witnesses;

> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

> (5) Docket fees under [§ ] 1923 of this title;

> (6) Compensation of court appointed experts....

28 U.S.C. § 1920.

The court "may tax as costs ... [the][f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." 28 U.S.C. § 1920(2).

The Court's determination of necessity must be made in light of the facts known at the time of the deposition, without regard to intervening developments that later render the deposition unneeded for further use. The underlying inquiry is whether the depositions reasonably seemed necessary at the time they were taken. *Zotos v. Lindbergh Sch. Dist.,* 121 F.3d 356, 363 (8th Cir.1997) (internal citations and quotations omitted). Costs for a deposition of a witness who did not ultimately testify at trial may be compensable. *See, e.g, Smith v. Tenet Healthsys. SL, Inc.,* 436 F.3d 879, 889 (8th Cir.2006) ("Even if a deposition is not introduced at trial, a district court has discretion to award costs if the deposition was necessarily obtained for use in a case and was not purely investigative." (quotations and modifications omitted)). Depositions taken purely for investigative reasons will not be deemed "necessary." *Zotos,* 121 F.3d at 363.

The Court finds that Plaintiff's objections to the court reporter fees are well founded. Additionally, the Court agrees with Plaintiff's objections to Liebert's request for fees and disbursements for printing, and those costs requested will be disallowed. Likewise, Plaintiff's objections to Liebert's "other costs" are well

taken and will be granted.

The Court taxes the following costs:

| | |
|---|---|
| Fees of the Clerk | $350.00 |
| Fees for service of summons and subpoena | $294.27 |
| Fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case | $5,221.00 |
| Fees and disbursements for printing | $0 |
| Fees for witnesses | $90.00 |
| Fees for exemplification and copies of papers necessarily obtained for use in the case | $1,300.50 |
| Other costs | $0 |
| TOTAL | $ 7,255.77 |

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Bill of Costs, [Doc. No. 187] is approved as provided herein.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall tax costs in favor of Defendant Liebert and against Plaintiff in the amount of $7,255.77.

Dated this 8th day of April, 2010.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE